Brett L. Kvasnicka
Steven P. Ruffatto
CROWLEY FLECK PLLP
490 N. 31st Street – Suite 500
Billings, MT  59101
Phone: (406) 255-7311
Fax:  (406) 256-8526
bkvasnicka@crowleyfleck.com
sruffatto@crowleyfleck.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | | |
|---|---|---|
| LARRY STEVEN WILKINS<br>and JANE B. STANTON, | ) ) ) | Cause No. |
| Plaintiffs, | ) ) | |
| v. | ) ) | **COMPLAINT** |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) ) | |

## INTRODUCTION

1.     The Plaintiffs, Larry Steven ("Wil") Wilkins and Jane B. Stanton, ask

this Court to quiet title to an easement as described herein, acquired by the United

States of America ("United States"), in 1962, administered by the U.S. Forest

Service, and which traverses private lands owned by Mr. Wilkins and Ms. Stanton.

For this Complaint against the United States, the Plaintiffs allege as follows:

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under the Quiet Title Act, 28 U.S.C. § 2409a.

3.      This court has jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (when the United States is a defendant), 28 U.S.C. § 2409a and 28 U.S.C. § 1346(f) (Quiet Title Act), as the case involves Plaintiffs' claim to limit the scope of an easement granted to the United States in 1962 by Plaintiffs' predecessor in title.

4.      Venue is proper under 28 U.S.C. § 1391(e), as the subject lands are located in Ravalli County, Montana.

## PARTIES

5.      Mr. Wilkins is a citizen of the United States and resident of Ravalli County, Montana, residing on his property at issue in this case located at 5108 Highway 93, Conner, Montana 59827, as further described below.

6.      Ms. Stanton is a citizen of the United States and resident of Ravalli County, Montana, residing on her property at issue in this case located at 5134 Highway 93, Conner, Montana 59827, as further described below.

7.      Defendant United States of America owns the 1962 easement for the Robbins Gulch Road, an unpaved road which crosses the Wilkins and Stanton properties and provides a limited means of access to the Bitterroot National Forest.

## STATEMENT OF FACTS

8.    Mr. Wilkins is a private property owner of land comprising approximately 9.18 acres, described as Tract A, Certificate of Survey No. 5594-R, located in the SE 1/4 Section 17, T.2N., R.20.W., P.M.M., near the Bitterroot National Forest along the Robbins Gulch Road, also referred to as U.S. Forest Service Road #446.  Mr. Wilkins acquired his ownership of the property by a warranty deed dated May 11, 2004, recorded by the Ravalli County Clerk and Recorder on May 19, 2004, as Document No. 535597.

9.    Ms. Stanton is a private property owner of land comprising approximately 12.43 acres, described as Parcel E, Certificate of Survey Number 38, located in Section 17, T.2.N., R.20.E., P.M.M., near the Bitterroot National Forest along the Robbins Gulch Road, also referred to as U.S. Forest Service Road #446.  Ms. Stanton first acquired ownership of the property (as joint tenant with her late husband, Harold F. Stanton) in 1991 and she became full owner of the property by a quitclaim deed dated September 2, 2016, recorded by the Ravalli County Clerk and Recorder on September 14, 2016; as Document No. 702188.

10.    Mr. Wilkins and Ms. Stanton object to the current and ongoing excessive use of the Robbins Gulch Road by a wide range of parties, and the failure of the U.S. Forest Service to manage, patrol, and maintain this road in

3

accordance with the intended limited use of the road for U.S. Forest Service administrative purposes.

11.     The 1962 easement for the Robbins Gulch Road was granted by the predecessors in title of Mr. Wilkins and Ms. Stanton through two conveyances dated April 30, 1962 and May 11, 1962, to the United States for use only by the United States "and its assigns."

12.     The 1962 easement was not granted to the United States for general public use.

13.     In recent years, the Forest Service's management of the road has enabled the road to be utilized for general public access purposes, and encouraged public use with signs such that the use of the road has become excessive and disruptive to the Plaintiffs' enjoyment of their private property.  The increasing excessive use of the Robbins Gulch Road has caused serious traffic hazards, road damage, fire threats, noise, and enabled a wide range of people – some known and many unknown – to access the road and engage in misconduct, trespassing, illegal hunting, speeding and disrespectful activities often aimed at the Plaintiffs and other neighboring owners of private lands traversed by the road.

14.     The 1962 easement and the contemporaneous Forest Service correspondence concerning that easement demonstrate that the 1962 easement was granted only for restricted purposes for the United States and its assigns.  In

4

addition, an express condition of the easement was that the U.S. Forest Service would "patrol" the road, which indicates that the Forest Service would ensure that the use of the road was consistent with the limited purpose granted.

15.    The Forest Service's road superintendent, hydrogeologist and biologist also have had expressed concerns about the adverse effects of the excessive use of, and erosion from, the Robbins Gulch Road.  Notwithstanding the restricted nature of the 1962 easement held by the United States to the Robbins Gulch Road, the Forest Service District Ranger, Eric Winthers, recently declared in a March 19, 2018 email sent to another neighboring private landowner, Ms. Marion Dial, that the restricted road easement over the private property is deemed to be "open to the public":

> . . . the Robbins Gulch Road is closed at the Forest Boundary per the travel plan from Dec 1 through June 15.
>
> *The road is open to the public from the highway to the forest boundary*.  Since the easement is 60 feet in width, *people may legally park along the edge of the road*.  [Emphasis added.]

16.    The plain text of the 1962 easement is the starting place for understanding the limited rights granted to the United States of America under this easement.  The easement was granted by Mr. Wilkins' predecessors in title, John E. Coultas, and Ruth H. Coultas, John W. Coultas, Jean Coultas, Lea J. Wildung, and Ida Wildung, who then owned the property through two easement conveyances in 1962.  One easement is dated May 11, 1962, and covered a portion of Robbins

Gulch road containing 7.484 acres more or less, located in Section 16 and Section 17, T.2.N., R.20.W., M.P.M.  The consideration for the easement was $374.20. The landowners were the party of the first part, and the United States was the grantee, party of the second part.  The easement provided that "the party of the first part [landowners] does hereby grant and convey unto the party of the second part [*the United States of America] and its assigns* an easement and right-of-way for a road as now constructed and in place and *to be reconstructed*, improved, used, operated, *patrolled, and maintained* and known as the Robbins Gulch Road, Project Number 446…."  (Emphasis added.)  Recorded Sept. 4, 1962, Book 119 of Deeds at Page 243, Records of Ravalli County, Montana.  The other conveyance creating the easement used substantially identical terms and was dated April 30, 1962.  It covered 0.408 acres more or less, located in Section 17, T.2.N., R.20.W., M.P.M., and the consideration paid was $100.00.  Recorded Sept. 4, 1962, Book 119 of Deeds at Page 246, Records of Ravalli County.  The May 11, 1962 easement and the April 30, 1962 easement are together referred to as the 1962 easement unless otherwise specified herein.

17.    The text of the 1962 easement is notable in that it grants the easement *only* to the United States of America and "its assigns."  There is no grant of this easement for general public use and access purposes.  The term "assigns" means "those to whom property is, will, or may be assigned."  *Black's Law Dictionary* at

119 (6th ed. 1990).  The term therefore limits the use of the road easement to the United States and specific assignees.

18.    The easement also expressly stated as a condition that the existing road is "to be reconstructed," and "patrolled" and "maintained."  Upon information and belief, the Forest Service did reconstruct the Robbins Gulch Road in the early 1960s, and the Forest Service generally has made some efforts to maintain the road over the years, and the Forest Service acknowledges some of its maintenance practices on this road in the Forest Service's records.  The Forest Service under the 1962 easement has an express obligation to ensure that this road is *"patrolled."* The term "patrol" means "the action of traversing a district … for observation or the maintenance of security."  *Webster's New Collegiate Dictionary* at 834 (1973).

19.    Yet, the Forest Service has failed to act in recent years to patrol the road in accordance with the limited grant of this easement to the United States and its assigns.  In recent years some Forest Service enforcement officers have verbally disavowed any willingness to patrol the Robbins Gulch Road to limit the excessive and unauthorized uses of it which have become rampant.  Moreover, the District Ranger's March 19, 2018, email reflects a position that the Forest Service is openly allowing and enabling widespread public use of this restricted easement through the private property.

20.    The 1962 easement was granted expressly to the "United States of America," as a sovereign governmental entity, not all unspecified citizens and residents of the United States of America.  The plain text of the 1962 easement contemplated that the Robbins Gulch Road was to be used solely by agents of the United States and assigned representatives, such as timber contractors, but this text contemplated that there would be actual assignments from the Forest Service to those assignees who were entitled to make use of this easement held by the United States.

21.    The 1962 easement text does not permit the United States to declare and allow that all members of the public (without limitations or identification) would have the ability to use this road.  Correspondingly, the Forest Service has an express obligation under the 1962 easement to ensure that this road is "patrolled" to ensure that the easement terms and scope are not being violated beyond the limited grant conveyed to the United States.

22.    Plaintiffs' interpretation of the plain text of the 1962 easement is consistent with the contemporaneous letter from Forest Supervisor Harold E. Andersen, who transmitted the two conveyance documents which comprise the 1962 easement by letter dated May 23, 1962 to Mr. J.E. Coultas.  That transmittal letter stated:  "We, of the U.S. Forest Service, have been negotiating for a road right-of-way through your property on Robbins Gulch with your son, Mr. John W.

8

Coultas, and Mr. Lee Wildung.  As we have reached an agreement with both

parties, there now remains a need for signatures by you and your wife, Mrs. Ruth

H. Coultas….."  *Id.*  The letter then states:

> I shall attempt to summarize some of the questions you may
> have.
>
> 1.  *Purpose of road – timber harvest*.
>
> 2.  Construction – reconstruction of existing road.
>
> 3.  Location – along existing Robbins Gulch Road.
>
> 4.  Date of construction – probably fiscal year 1963. [Emphasis
> added.]

The fully executed 1962 easement conveyances were recorded at Book 119 of

Deeds at Page 243, Records of Ravalli County on September 4, 1962, and at Book

119 of Deeds at Page 246, on September 4, 1962.  An identical letter from the

Forest Service stating the same limited purpose (timber harvest) was sent to

Ms. Ruth H. Coultas on May 21, 1962.

23.    The May 21 and May 23, 1962 letters from the Forest Supervisor

were prepared and executed contemporaneously with the execution of the 1962

easement conveyances, must be read as part of the easement agreement between

the parties, and confirm that the purpose of the road was for Forest Service

administrative uses associated with specific activities such as timber harvesting,

that would be carried out by Forest Service employees and authorized contractors.

There is no indication in the 1962 letters or the text of the 1962 easement that the

road was contemplated for general public access purposes.  To the contrary, the

1962 easement is limited and forecloses that possible interpretation.

24.     The 1962 easement is in stark contrast to a 1937 easement recorded in

the Ravalli County clerk's office concerning the very same Coultas land at issue,

as set forth in a Right Of Way Deed from John and Ruth Coultas granted to Ravalli

County, recorded May 11, 1937.  That 1937 easement granted to the County and

"successors in interest" the following: *"an easement and right of way for the

construction of a public or County highway* over, across, covering and embracing

the following described parcel of land. . . ."  (Emphasis added.)  This 1937 text

creating a "*public ...highway*" over this same land (but not the Robbins Gulch

Road area) bears no similarity to the 1962 easement text.

25.     The 1937 referenced "public highway" is now the paved public

highway for U.S. Highway 93, bordering the south of Plaintiffs' properties.  Yet,

documents from the Forest Service's own files demonstrate that Robbins Gulch

Road then did *not* historically provide public access to the National Forest lands to

the north.  An unrecorded prior RIGHT OF WAY AGREEMENT from John and

Ruth Coultas, landowners, to the Forest Service, dated, April, 1939, stated that the

Forest Service could only use the Robbins Gulch Road for Forest Service uses.

The 1939 agreement stated, in part, that the Forest Service would post a sign

stating: "*this road right of way Granted for Forest Service use only*."  (Emphasis

10

added.)  The 1939 agreement stated further:  "*the Forest Service will not give permission for the use of this road to others*."  (Emphasis added.)  Indeed, a 1949 Memorandum of Agreement from the Forest Service's files for the Robbins Gulch Road, confirms:  "*U.S. Forest Service will erect and maintain suitable signs on the gates reading as follows:  Restricted right-of way, Granted only for Forest Service use, thus replacing the original sign placed by the Forest Service*."  (Emphasis added.)

26.      As described above, in the May 23, 1962 letter (from the Forest Service files for the 1962 easement) from the Forest Supervisor sent to Mr. J.E. Coultas, property owner, in response to "*the questions you may have . . . ,*" the Forest Service stated that the 1962 easement was meant to facilitate the reconstruction of the Road in fiscal year 1963, and described the only purpose of the new Road as follows:  "*Purpose of road -- timber harvesting*."  The Forest Service mentioned no other purposes for this easement immediately before the landowners executed and granted the easement to the Forest Service.  The intent of the parties at the time of signing in 1962 was to create a limited purpose easement for Forest Service timber harvesting purposes, consistent with the limited purposes as understood by the parties in 1939 and 1949.

27.      The 1962 easement for the Robbins Gulch Road was understood by all parties as restricted to Forest Service timbering purposes, and the continued

11

efforts of the Forest Service today to allow unrestricted use (apart from some

seasonal restrictions) of the Robbins Gulch Road by the general public is improper

and unlawful.

28.     Counsel for Mr. Wilkins sent a letter to the U.S. Forest Service and

the U.S. Department of Agriculture's Office of General Counsel on May 14, 2018,

asserting that the 1962 easement for the Robbins Gulch Road was limited to use by

the United States and specific assigns, such as timber contractors.  On July 12,

2018, Mr. Alan Campbell of the U.S. Department of Agriculture Office of the

General Counsel responded on behalf of the U.S. Forest Service to the letter of

May 14, 2018, submitted on behalf of Mr. Wilkins, stating, in part:

> The easement is granted in general and *unlimited terms*
> for a road to be "operated" by the Forest Service.  Where
> the National Forest lands are open to the public *the*
> *Forest Service may allow the public to utilize the*
> *easement* for ingress and egress to the National Forest as
> *an implied licensee of the agency without the need for*
> *recitation in the easement of this use*.  [Emphasis added.]

29.     On July 31, 2018, counsel for Mr. Wilkins replied to Mr. Campbell's

letter of July 12, 2018, stating on behalf of Mr. Wil Wilkins:  "While we appreciate

your willingness to review the serious issue involving the excessive and

unauthorized use of the Robbins Gulch Road easement held by the United States

over Mr. Wilkins' private land, we respectfully and firmly disagree with your

conclusions. . . .  we urge you to reconsider this matter in the interest of avoiding

12

costly and protracted litigation." On August 9, 2018, Mr. Campbell, on a

conference call with Forest Supervisor Julie King and District Ranger Eric

Winthers, orally asserted to Mr. Wilkins and his counsel that the U.S. Forest

Service would not change their position that the Robbins Gulch Road would be

open to the general public, notwithstanding the 1962 easement text and associated

documentation of the limited purpose of the 1962 easement.

**FIRST CAUSE OF ACTION**
**QUIET TITLE TO CONFIRM THE LIMITED SCOPE OF**
**THE 1962 EASEMENT FOR THE ROBBINS GULCH ROAD**

30.     Plaintiffs incorporate herein and reallege each of the foregoing

paragraphs 1 through 29.

31.     In this action, Plaintiffs seek to quiet title to their land with respect to

the 1962 easement for Robbins Gulch Road which traverses Plaintiffs' properties.

32.     The United States' recent actions authorizing and encouraging

unrestricted public use of the Robbins Gulch Road by the general public, including

public parking on the Robbins Gulch Road subject to the 1962 easement, are

severely harming and interfering with the Plaintiffs' use and enjoyment of their

private properties.

33.     The positions of the United States as expressed in communications in

2018 allowing unrestricted public use exceed the scope of the 1962 easement.

34.     The Plaintiffs are entitled to an order of this Court quieting title to their land with respect to the Robbins Gulch Road as covered by the 1962 easement traversing the Plaintiffs' properties, as described herein, confirming that the 1962 easement may not be utilized by the general public and that it may only be used by agents of the United States and specific assignees such as timber contractors.

**SECOND CAUSE OF ACTION**
**QUIET TITLE TO CONFIRM AND ENFORCE THE**
**FOREST SERVICE'S OBLIGATIONS UNDER THE 1962**
**EASEMENT FOR THE ROBBINS GULCH ROAD**

35.     Plaintiffs incorporate herein and reallege each of the foregoing paragraphs 1 through 29.

36.     Under the plain text of the 1962 easement, the United States has an obligation to "patrol[]" the Robbins Gulch Road to ensure that the road is secure and that unauthorized trespasses are not occurring, and to "maintain[]" the road.

37.     As the relevant land managing agency, the Forest Service has an obligation to take affirmative steps to patrol and maintain the Robbins Gulch Road under the 1962 easement.

38.     The Forest Service is authorizing and facilitating the current ongoing unrestricted use by the general public in violation of the obligation of the United States to patrol and maintain this road.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief against the United States:

1.     An order quieting title to their land with respect to the 1962 easement held by the United States and administered by the Forest Service on the Robbins Gulch Road, and declaring that the easement may be utilized only by agents of the United States and specific assignees such as timber contractors, and that public parking is not allowed on the easement;

2.     An order declaring that the Forest Service has an obligation to patrol and maintain the Robbins Gulch Road, which is subject to the 1962 easement, in accordance with the 1962 easement;

3.     Attorneys' fees and costs incurred by Plaintiffs to the extent permitted by law, including under the Equal Access to Justice Act, 5 U.S.C. § 2412(d)(1); and

4.     An order granting such other and further relief as may be just and appropriate upon the facts and law at issue herein.

//

DATED this 23rd day of August, 2018

CROWLEY FLECK PLLP

/S/ Brett L. Kvasnicka
Brett L. Kvasnicka
Steven P. Ruffatto
490 N. 31st Street – Suite 500
Billings, MT  59101
Phone: (406) 255-7311
Fax:  (406) 256-8526
bkvasnicka@crowleyfleck.com
sruffatto@crowleyfleck.com

OF COUNSEL:

R. Timothy McCrum
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004
Phone:  (202) 624-2752
Fax:  (202) 628-5116
rmccrum@crowell.com

46368928