IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LARRY STEVEN WILKINS and JANE B. STANTON, | CV 18-147-M-DLC-KLD |
| Plaintiffs, | |
| vs. | FINDINGS AND RECOMMENDATION |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Plaintiffs Larry Steven Wilkins and Jane B. Stanton ("Landowners") bring this action to quiet title to an easement acquired by the United States and administered by the U.S. Forest Service ("USFS"). The United States has moved to dismiss the Landowners' complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). (Doc. 30.) For the following reasons, the Court recommends the motion be **DENIED**.

## I.    Background

According to their complaint, Landowners own property in Conner, Montana along Robbins Gulch Road. (Doc. 1 at ¶¶ 5-7.) The United States owns a 1962 easement for Robbins Gulch Road, which traverses the Landowners' property and provides access to the Bitterroot National Forest. (Doc. 1 at ¶ 7.) Prior to

1

taking title to their respective properties, Landowners' predecessor in title granted the 1962 easement to the United States through two conveyances. (Doc. 1 at ¶¶ 11, 16.) The grant provided the United States and its assigns with an easement and right-of-way for Robbins Gulch Road. (Doc. 1 at ¶ 16.) Thereafter, the land surrounding Robbins Gulch Road was subdivided. Landowners acquired ownership of their parcels in 2004 and 1991. (Doc. 1 at ¶ 8, 9.) They now object to the USFS's alleged mismanagement of Robbins Gulch Road, including the "current and ongoing excessive use" of the road. (Doc. 1 at ¶ 10.) They seek to quiet title to confirm the scope of the 1962 easement and enforce the USFS's obligations under the easement.

## II.    Legal Standard

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction over the action. As the party asserting jurisdiction, the plaintiff bears the burden of proving its existence. *Kingman Reef Atoll Investments, L.L.C. v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008.) The court will presume jurisdiction is lacking until the plaintiff proves otherwise. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

In considering a 12(b)(1) motion challenging the facts supporting subject-matter jurisdiction, a court may consider extra-pleading materials submitted by the

parties. *Assoc. of American Medical Colleges v. United States*, 217 F.3d 770, 778-79 (9th Cir. 2000); *see also McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("Moreover, when considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."). The court may weigh the evidence without converting the motion into one for summary judgment. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A defendant's factual attack on subject matter jurisdiction requires the plaintiff to "support her jurisdictional allegations with 'competent proof[.]'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Hertz Corp v. Friend*, 559 U.S. 77, 96-97 (2010)). A federal court is one of limited jurisdiction; it must dismiss a case upon concluding it lacks jurisdiction. *High Country Resources v. F.E.R.C.*, 255 F.3d 741, 747 (9th Cir. 2001).

## III.  Discussion

Landowners allege two counts against the United States: quiet title to confirm the limited scope of the 1962 easement for Robbins Gulch Road (Count I), and quiet title to confirm and enforce the USFS's obligations under the 1962 easement for Robbins Gulch Road (Count II). Landowners bring these causes of action under the Quiet Title Act ("QTA"). *See* 28 U.S.C. § 2409a; 28 U.S.C. §

1346(f).

The United States moves to dismiss for lack of jurisdiction. (Doc. 30.) The United States argues Landowners' complaint fails to establish subject matter jurisdiction because Landowners cannot establish they own the real property underlying Robbins Gulch Road. A claimed interest in the disputed property is a requirement that must be met for the United States' sovereign immunity to be waived under the QTA. 28 U.S.C. § 2409a(d); *Long v. Area Manager, Bureau of Reclamation*, 236 F.3d 910, 915 (8th Cir. 2001); *see also Friends of Panamint Valley v. Kempthorne*, 499 F.Supp.2d 1165, 1174 (E.D. Cal. July 24, 2007) ("Congress . . . permitted challenges to the United States' claim of title to real property only to parties who themselves claim an interest in title."). The United States also argues Landowners' claim is barred by the QTA's twelve-year statute of limitations, which, the United States argues, is jurisdictional. (Doc. 31 at 9.)

In response, Landowners assert they have a claim of title to the property underlying the easement because under Montana law, their properties are presumed to extend to the centerline of Robbins Gulch Road. (Doc. 35 at 13.) Landowners further argue that even assuming their properties do not extend to the centerline of Robbins Gulch Road, evidence establishes that the United States' easement encroaches on their property. (Doc. 35 at 16-18.) Landowners also argue the

QTA's twelve-year statute of limitations is not jurisdictional, and the Court should therefore deny the United States' motion to dismiss.

The QTA serves as a conditional waiver of the federal government's sovereign immunity in actions by plaintiffs seeking to quiet title to property in which the United States claims an interest. 28 U.S.C. § 2409a. Exceptions and restrictions condition the QTA's waiver, including a twelve-year statute of limitations and the requirement that a plaintiff must claim an interest in the disputed title. 28 U.S.C. § 2409a(g),(d). The issue of subject matter jurisdiction therefore requires the court to determine whether Landowners have met these conditions.

## A.    Landowners' Property Interest

The QTA requires Landowners' complaint to "set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." 28 U.S.C. § 2409a(d). Landowners must, therefore, "claim a property interest to which title may be quieted." *Long*, 236 F.3d at 915. Unless Landowners have met this requirement, the United States' sovereign immunity has not been waived and this case must be dismissed for lack of subject matter jurisdiction. *See*, *Mills v. U.S.*, 742 F.3d 400, 406 (9th Cir. 2014)

(construing the QTA's waiver of sovereign immunity narrowly and dismissing claims for lack of subject matter jurisdiction when the QTA's requirements are not met) and *McMaster v. U.S.*, 731 F.3d 881, 897 (9th Cir. 2013) ("To invoke the QTA, a complaint must "set forth with particularity the nature of the right, title or interest which the plaintiff claims in the real property, the circumstances under which it was acquired . . . .").

Because the United States has factually attacked whether the Court has jurisdiction over the Landowners' claims, the Landowners must support its claim of jurisdiction with competent proof. *Leite*, 749 F.3d at 1122. The Court must determine whether Landowners have sufficiently shown they have a property interest to which title may be quieted. "As long as the complaint purports to set out a federal claim and that claim is not insubstantial and frivolous, this Court has subject matter jurisdiction." *Buchler v. U.S.*, 384 F.Supp.709 (E.D. Cal 1974) (citing *Wheeldin v. Wheeler*, 373 U.S. 647 (1963)). Under these circumstances, even if Landowners' complaint fails to meet the pleading requirements of 28 U.S.C. § 2409a, the Court still may have subject matter jurisdiction. *Buchler*, 384 F.Supp. at 714.

Landowners have submitted 23 exhibits in support of their jurisdictional claim. They first argue that Montana law presumes an owner of land bounded by a

road is presumed to own to the road's centerline. *See*, Mont. Code Ann. § 70-16-202. Although that presumption may be overcome by a contrary intent apparent from the deed, Landowners argue their deeds express no such intent. Landowners cite *McPherson v. Monegan*, 187 P.2d 542, 543-45 (Mont. 1947) for the position that a deed's description of a property's boundary lines as following the side of a county road is insufficient to overcome the presumption that the property owner owns to the center of the road. Because their deeds contain language similar to the language in *McPherson*, Landowners argue the presumption has not been overcome.

Landowners next argue that the United States' evidence includes a draft retracement survey that shows the easement encroaches onto Plaintiff Wilkins' property. According to the survey, the Robbins Gulch easement extends 30 feet from the centerline of the road, while Plaintiff Wilkins' property is approximately 25 feet from the centerline. (Doc. 32-11 at 9.) Landowners therefore argue that because at least five feet of the easement encroaches on Mr. Wilkins' property, the property interest requirement is met. Additionally, because Plaintiff Stanton's property line mirrors Plaintiff Wilkins', the survey supports finding that the easement also encumbers Plaintiff Stanton's property.

Landowners' submitted evidence is competent proof that they have a

7

property interest to which title may be quieted. First, as owners of land adjacent to Robbins Gulch Road, Montana law presumes Landowners own to the center of the road. Mont. Code Ann. § 70-16-202. The United States has not shown that the Landowners' deeds express a contrary intent sufficient to overcome the presumption. Rather, the United States contends the presumption is inapplicable because it applies only to public roads. However, the Court is unaware of any such express limitation on the presumption. To adequately refute the presumption, the United States must show the Landowners' deeds express the original grantor's intent to retain title to Robbins Gulch Road. *McPherson*, 187 P.2d at 543.

In attempting to refute the Landowners' property interest, the United States has submitted evidence that does not discuss the language of the deeds. Instead, the United States has submitted survey evidence, tax records, and spatial data. None of this evidence rebuts the presumption that Landowners possess title to the middle of Robbins Gulch Road because none of the evidence interprets the language of the deeds. *See Tester v. Tester*, 3 P.3d 109, ¶ 15 (Mont. 2000) (examining the chain-of-title is the first step in determining whether an individual has title to disputed property).

Upon examining the Landowners' deeds, the Court finds no language indicating the grantor intended to retain title to the section of Robbins Gulch Road

bordering Landowners' properties. Plaintiff Stanton's deed describes her property as "PARCEL E, Certificate of Survey No. 38, being a portion of Section 17, T2N, R20W, PMM, Ravalli County, Montana." (Doc. 36-6 at 2.) Plaintiff Wilkins' deed describes his property as "A tract of land located in the SE1/4 Section 17, Township 2 North, Range 20 West, P.M.M., Ravalli County, Montana, and being more particularly described as Parcel A, Certificate of Survey No. 5594-R." (Doc. 36-7 at 23.)

The Court also finds the historic deeds concerning Landowners' properties do not include language indicating the original grantor intended to retain Robbins Gulch Road. (*See* Docs. 36-7 at 2-21.) The original owners of the properties, John and Jean Coultas, subdivided their property and sold parcels, including those now owned by the Landowners. In 1972, the Coultases conveyed Parcel E, now owned by Plaintiff Stanton, to Donald and Doris Meech. (Doc. 36-7 at 2.) The property was described as continuing "to the easterly right of way of Robbins Gulch Road; thence, southernly along said easterly right of way . . . with the northerly right of way of U.S. highway 93 . . .[.]" (Doc. 36-7 at 3.) The Coultases also sold what is now Plaintiff Wilkins' parcel to the Meech's. The property was similarly described as "along the easterly right of way of U.S. 93 . . . 363.62 feet more or less to the intersection with the westerly right of way of Robbins Gulch Road[.]" (Doc. 36-7

at 5.) The Coultases devised the tracts of land "subject to easements and rights of way of record or visible on the premises."[1] (Doc 36-7 at 3.)

In *McPherson*, the Montana Supreme Court discussed similar property descriptions and found that language identifying a tract of land as "following" the side of a road did not overcome the presumption that the landowners owned title to the centerline of the road. 187 P.2d 542, at 543. In reaching its holding, the court adopted the minority rule "that a boundary to and with the side of a street carries the fee to the center of the street unless the contrary intent appears from the deed[.]" *McPherson*, 187 P.2d 542, at 544.

The court discussed the minority rule again in *Montgomery v. Gehring*, 400 P.2d 403, 406 (Mont. 1965). There, the court found the language in the deed at issue overcame the presumption because it expressly reserved and excepts land to indicate "a different intent that the middle of the stream be the boundary." *Montgomery*, 400 P.2d at 405. The language in *Montgomery* differed substantially from the language in *McPherson*; the *Montgomery* deed stated: "EXCEPT, however, that there is expressly reserved and excepted therefrom all the land in the corner which is under fence southwest of Poorman [creek], of which the other side

---

[1] This "subject to" language is present throughout the chain-of-title documents concerning the Landowners' properties. For example, in 1993 Plaintiff Wilkins' property was conveyed to Gary Hursh. The land description stated, "subject to an easement and right-of-way in favor of the United States of America [.]" (Doc. 36-7 at 18.)

of Poorman would be the boundary[.]" *Montgomery*, 400 P.2d at 405. Unlike this

language, Landowners' deeds do not include a reservation or declared intent to

alter the property line from the centerline of Robbins Gulch Road.

Apart from the deed language, Landowners also point to the United States'

survey evidence to prove they have a property interest in the easement. The

Coultases granted the easement and right-of-way to the United States in 1962. As

granted, the easement is 60 feet wide with the centerline of the road serving as the

true centerline of the easement. (Doc. 36-1 at 2.) The United States survey

evidence, however, finds that Plaintiff Wilkins' property is 24-25 feet from the

centerline of Robbins Gulch Road. (Doc. 32-11 at 9.) Therefore, even if

Landowners do not own the property underlying Robbins Gulch Road, the survey

evidence concludes that at least five feet of the easement encroaches onto

Landowners' property. Because the Landowners' property underlies at least some

of the easement, competent proof supports Landowners' argument that the property

interest requirement has been met.

In response, the United States argues that Landowners have failed to allege

any injury to the five-foot strips of land burdened by the easement and therefore

have failed to establish standing. The Court finds otherwise. Even assuming their

property interest is only in the five-foot strips of land, Landowners have adequately

11

alleged injury resulting from the USFS's failure to manage the road according to the easement's terms. They allege injury related to the "increasing excessive use" of the easement which has resulted in "serious traffic hazards, road damage, fire threats, noise . . . , misconduct, trespassing, illegal hunting, speeding and disrespectful activities often aimed at the Plaintiffs[.]" (Doc. 1 at ¶ 13.) These alleged injuries are not restricted to the portions of the easement within the road's shoulders, but logically implicate the entire easement and affect the unencumbered portions of Landowners' properties. Based on the foregoing, the Court finds Landowners have supported their claim of jurisdiction under the QTA with competent proof.

### B.    The QTA Statute of Limitations

The United States argues that even if Landowners have a property interest in the easement, their claims are time-barred and must be dismissed. In support of their argument, the United States contends Landowners were required to bring this lawsuit within twelve years of receiving notice of the United States' ownership interest. The United States maintains Landowners had "abundant notice and reason to know" of the government's adverse property claim long before the limitations period expired. (Doc. 31 at 19.) Arguing its sovereign immunity has not been waived if the limitations period has expired, the United States requests the Court

dismiss Landowners' complaint for lack of jurisdiction. In response, Landowners argue that in light of recent case law finding the QTA's statute of limitations to be non-jurisdictional, dismissal would be improper.

An action under the QTA must be brought within twelve years of the date of accrual. 28 U.S.C. § 2409a(g). The action is deemed to have accrued "on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States." 28 U.S.C. § 2409a(g). The Ninth Circuit, following the Supreme Court's opinion in *Block v. North Dakota ex rel. Board of U. & Sch. Lands*, 461 U.S. 273 (1983), has determined that the QTA's statute of limitations is a jurisdictional prerequisite to bringing a claim. *Skranak v. Castenada*, 425 F.3d 1213, 1216 (9th Cir. 2005) ("Such bar is jurisdictional. The [QTA] is a waiver of sovereign immunity. If the statute of limitations has run on a waiver of sovereign immunity, federal courts lack jurisdiction."). *See also*, *Fidelity Exploration and Prod. Co. v. United States*, 506 F.3d 1182, 1186 (9th Cir. 2007) (reaffirming its adherence to *Block* because "we must follow the Supreme Court precedent that directly controls, leaving to the Court the prerogative of overruling its own prior decisions.").

Although the Ninth Circuit has directly addressed this issue, Landowners maintain that the QTA's statute of limitations is non-jurisdictional. In support,

Landowners cite subsequent Supreme Court cases that call into question whether *Block* remains good law. Landowners also rely on a case recently decided by this District Court which discussed *Block* and its progeny and concluded the QTA statute of limitations is non-jurisdictional. *Bar K Ranch, LLC v. United States*, 2019 WL 5328782 (D. Mont. Oct. 21, 2019).

In *Block*, the Supreme Court reversed an appeal from the Eighth Circuit affirming the judgment of the United States District Court for the District of North Dakota. 461 U.S. 273, 275. The state of North Dakota brought the case to adjudicate title to the bed of the Little Missouri River. *Block*, 461 U.S. at 275. At the District Court level, the case went to trial and the District Court found for the state of North Dakota. In its judgment, the court determined the QTA's statute of limitations did not apply to states and therefore the suit was not barred by the QTA's statute of limitations. *Block*, 461 U.S. at 279. Upon granting certiorari, the Supreme Court determined that states are not exempted from the QTA's twelve-year statute of limitations. *Block*, 461 U.S. at 287-290. The Court therefore held that if North Dakota's lawsuit was barred by the QTA's limitations period, "the courts below had no jurisdiction to inquire into the merits." *Block*, 461 U.S. at 292.

Since *Block*, the Ninth Circuit has not deviated from the rule that the QTA's statute of limitations is a jurisdictional prerequisite to bringing an action. *See*,

14

*Fidelity,* 506 F.3d at 1186 and *Kingman Reef Attoll Invest.*, 541 F.3d at 1196 (adhering to *Block*). However, the Supreme Court's decision in *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015) appears to directly conflict with *Block*. And, while other courts have resolved *Wong*'s impact on the QTA's statute of limitations[2], the Ninth Circuit has not yet addressed *Wong*'s effect.

In *Wong*, the Supreme Court dealt with the issue of whether the Federal Tort Claims Act's time limitations were jurisdictional. The Court found that, "it makes no difference that a time bar conditions a waiver of sovereign immunity[,]" a statute of limitations will only be found to be jurisdictional if congress had done "something special, beyond setting an exception-free deadline, to tag a statute of limitations as jurisdictional[.]" *Wong*, 575 U.S. at 410. Because the Federal Tort Claims Act included no "clear statement indicating that [it's] statute of limitations can deprive a court of jurisdiction[,]" the Act's "standard time bar" is not jurisdictional. *Wong*, 575 U.S. at 410. The court in *Bar K Ranch* aptly noted that *Wong*'s "'clear statement' rule . . . appears to conflict with the canon of statutory construction that directs courts to construe narrowly waivers of sovereign immunity." 2019 WL 5328782, at *2.

---

[2] *See F.E.B. Corp v. United States*, 818 F.3d 681, 685 n.2 (11th Cir. 2016); *Payne v. United States Bureau of Reclamation*, 2017 WL 6819927, at *2 (C.D. Cal. Aug. 15, 2017); *Herr v. United States Forest Service*, 803 F.3d 809 (6th Cir. 2015).

Based on the Supreme Court's reasoning in *Wong*, the Court finds the QTA's statute of limitations is non-jurisdictional. The QTA's time limitation language includes no "clear statement" that "plainly show[s] that Congress imbued a procedural bar with jurisdictional consequences." *Wong*, 575 U.S. at 409-410. Rather, it "speaks only to a claim's timeliness, not to a court's power." *Wong*, 575 U.S. at 410. The time limitation provision states: "[a]ny civil action under this action, except for an action brought by a State, shall be barred unless it is commenced within twelve years of the date upon which it accrued." 28 U.S.C. § 2409a(g). The language does not implicate a court's ability to hear a case or limit its powers. It neither "speak[s] in jurisdictional terms [n]or refer[s] in any way to the jurisdiction of the district courts." *Wong*, 575 U.S. at 411 (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 (2006)). "Statutory context" further supports finding the statute of limitations to be non-jurisdictional. *Wong*, 575 U.S. at 403. The limitations period is located separately from the Act's grant of jurisdiction and the "jurisdictional grant is not expressly conditioned on compliance with [§2409a(g)'s] limitations period[.]" *Wong*, 575 U.S. at 403; *See also,* 28 U.S.C. §§ 1346(f), 2409a(a), 2409a(g).

Having concluded the QTA's statute of limitations is non-jurisdictional, the Court must analyze the United States' argument that Landowners' claims are time

barred under Rule 12(b)(6). *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995). The United States' request for dismissal is largely supported by documents purporting to show that Landowners had notice of the scope of the government's adverse claim over twelve-years prior to filing this action. (Doc. 31 at 18-37; Doc. 32.) The documents the United States relies on, however, are not attached or incorporated by reference into the complaint. *See*, Doc. 1. The documents are therefore inadmissible for the purposes of resolving the 12(b)(6) motion. *Payne v. United States Bureau of Reclamation*, 2017 WL 6819927, *3 (C.D. Cal. Aug. 15, 2017).

The United States also cites *Beasley v. U.S.*, 2013 WL 1832653 (E.D. Wash. May 1, 2013) to support its argument that Landowners' claim should be dismissed because they were on notice of the government's scope of interest claimed in the easement. In *Beasley*, the plaintiff argued his claim was not barred because, although he was aware of the easement for over twelve years, he was not aware of the scope of interest the government claimed in the easement until he filed a lawsuit. *Beasley*, 2013 WL 1832653 at * 5. The court agreed that the relevant issue was "not the government's mere claiming of an interest, but the scope of the interest claimed." *Beasley*, 2013 WL 1832653 at *5 (quoting *Kootenai Canyon Ranch, Inc. v. United States Forest Service*, 338 F.Supp.2d 1129, 1133 (D. Mont.

17

2004)). The court nevertheless found "the expansive language of the Easement, considered as a whole, [was] sufficient to alert a reasonable landowner [of the scope of the interest claimed.]" *Beasley*, 2013 WL 1832653, at *5. The court also concluded that even without the expansive language of the easement, the plaintiff should have known the United States' claimed scope based on the reoccurring activities involved in its operation of the easement. *Beasley*, 2013 WL 1832653, at * 5.

The factors in *Beasley* are unlike those presented here. First, the easement language is less expansive than the language in *Beasley*. The language in *Beasley* provided the United States with an easement encompassing "any and all [purposes] deemed necessary and desirable in connection with the control, management and administration of the National Forest, or the resources thereof, and insofar as compatible therewith, use by the general public." *Beasley*, 2013 WL 1832653, at *5. The Robbins Gulch Road easement includes no similar language and is plainly more restrictive.[3] Additionally, unlike the facts in *Beasley*, it is disputed whether the USFS's operation and management of the easement have remained consistent. In fact, Landowners filed this lawsuit because of the alleged changes in the scope

---

[3] The easement language provides: "the party of the first part does hereby grant and convey unto the party of the second part and its assigns an easement and right-of-way for a road as now constructed and in place to be reconstructed, improved, used, operated, patrolled, and maintained and known as the Robbins Gulch Road . . . ." (Doc. 36-1 at 2; Doc. 36-2 at 2.)

of the USFS's operation and management of the easement. Under the facts alleged, it is therefore unclear whether, over twelve years ago, a reasonable landowner would have known the scope of the easement claimed by the United States.

The United States' reliance on *Park Cty., Mont. v. U.S.*, (9th Cir. 1980) is also unavailing. In *Park Cty.*, the plaintiffs refuted that they had knowledge of the government's claimed interest in an easement. The plaintiffs' knowledge of the scope of the easement was not at issue. 626 F.2d at 719. The Ninth Circuit affirmed the lower court's grant of summary judgment determining the plaintiffs knew or should have known of the United States' claim when it placed a sign and rock barrier on the easement. *Park Cty.*, 626 F.2d at 720. Here, the United States argues its posting of signs on Robbins Gulch Road was sufficient to put Landowners on notice of the scope it claimed. The Court disagrees. Although *Park Cty.* holds that a sign serves as notice that the United States claims an interest, it does not hold that a sign unconditionally serves as notice of the claimed scope of that interest.

At this stage and with the record presented, the Court cannot conclude that the Landowners' claim accrued within the QTA's twelve-year limitations period. The United States may reassert this issue at the summary judgment stage where it would be more appropriately considered.

19

## IV.   Conclusion

Having considered the United States' Motion to Dismiss (Doc. 30), the Court determines that dismissal is not warranted at this time. Landowners have demonstrated competent proof that they have an interest in the property at issue, and the United States has not shown that Landowners' claim is time-barred.

Accordingly, **IT IS RECOMMENDED** that:

1.      Defendant's Motion to Dismiss (Doc. 30) be **DENIED**;

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties.   The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 4th day of February, 2020.


Kathleen L. DeSoto
United States Magistrate Judge

20