IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LARRY STEVEN WILKINS and JANE B. STANTON, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CV 18–147–M–DLC–KLD <br><br><br> ORDER |

Plaintiffs Larry Stevens Wilkins and Jane Stanton move to alter or amend the Court's judgment under Federal Rule of Civil Procedure 59(e). (Doc. 61.) For the reasons explained, the motion is denied.

## BACKGROUND

On August 23, 2018, Plaintiffs filed a Complaint raising two claims under the Quiet Title Act ("QTA"). (Doc. 1 at 13–14.) They first requested the Court confirm that the 1962 easement granted by Plaintiffs' predecessors-in-interest to the United States for the use of Robbins Gulch Road did not grant the public access to use the road (the "public use claim"). (Doc. 1 at 13.) They also asked the Court to confirm and enforce the Forest Service's obligations to maintain and patrol the road arising under the easement (the "maintenance and patrol claim"). (*Id.* at 14.) Defendant moved to dismiss arguing, *inter alia*, that Plaintiffs claim was barred by

the QTA's jurisdictional statute of limitations. (Doc. 30.) United States Magistrate Judge Kathleen L. DeSoto recommended the Court deny Defendant's motion upon construing the QTA's statute of limitations as non-jurisdictional. (Doc. 53.) The Court disagreed and dismissed the entire case after concluding that both of Plaintiffs' claims were properly raised under the QTA, both claims were untimely, and that the QTA's time bar deprived the Court of jurisdiction. (Doc. 59.) Plaintiffs now seek to alter that judgment asserting that the Court failed to conduct a separate statute of limitations analysis for the maintenance and patrol claim and failed to specifically address its allegation that the public is not permitted to park along Robbins Gulch Road. (Doc. 62.)

## LEGAL STANDARD

Rule 59(e) gives the court a chance "'to rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982)). But the Rule provides an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion to alter or amend judgment should only be granted in "highly unusual circumstances," when, as pertinent here, the court commits clear error. *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

## DISCUSSION

Plaintiffs request the Court amend its judgment to allow their maintenance and patrol claim to proceed and to vacate the dismissal of the parking allegations raised in Plaintiffs' first claim. (Doc. 62 at 6.) Additionally, Plaintiffs request the Court grant them leave to amend their Complaint to raise the maintenance and patrol claim under the Administrative Procedure Act ("APA"). (*Id.* at 19.) The Court will address each argument below.

### I. The Maintenance & Patrol Claim

Plaintiffs assert that the "extent of Defendant's obligations under the easement is a separate question from the question of who may use the road." (Doc. 62 at 12.) As a separate question, Plaintiffs contend that the Court must engage in a separate statute of limitations analysis, and that the facts relied upon by the Court when it determined that the public use claim was time barred do not apply to this claim. (Doc. 66 at 6 (citing *Michel v. United States*, 65 F.3d 130 (9th Cir. 1995)).) In its order granting Defendant's motion to dismiss, the Court stated that Plaintiffs maintenance and patrol claim fell within the scope of the QTA because Plaintiffs did not allege that the "Forest Service failed to 'patrol' or 'maintain' against any

threat other than public use[.]" (Doc. 59 at 2 n.2.) Plaintiffs argue that the Court erred by overlooking aspects of the Complaint that alleged "trespassing, illegal hunting, speeding and disrespectful activities often aimed at the Plaintiffs and other neighboring owners of private lands traversed by the road." (Doc. 1 at 4.)

Defendant asserts that the maintenance and patrol claim is not a distinct claim (and therefore does not require a separate statute of limitations analysis) because the Complaint expressly links the maintenance and patrol claim to the public use claim so that resolution of the former determines the latter. (*See* Doc. 65 at 7–8.) The Court agrees.

The Complaint states that under the "1962 easement, the United States has an obligation to [maintain and] 'patrol' the Robbins Gulch Road to ensure that the road is secure and that unauthorized trespasses are not occurring." (Doc. 1 at 14.) The Complaint goes on to state that "[t]he Forest Service is authorizing and facilitating the current ongoing unrestricted use by the general public in violation of the obligation of the United States to maintain and patrol this road." (*Id.*) In short, Plaintiffs argue that the Forest Service breached its obligation to maintain and patrol the road against unauthorized users and associated wear and tear. This is not a claim distinct from the public use claim because there is no independent duty to maintain and patrol. Rather, the maintenance and patrol claim flows from the public use claim. For example, if the Court had resolved the case on the merits

and ruled for Plaintiffs on their public use claim concluding that the easement does not grant public access to Robbins Gulch Road, Plaintiffs would prevail on their second claim. In effect, the question of whether the Forest Service must maintain and patrol Robbins Gulch Road against unauthorized public use is simply a follow up question to the broader question of whether the easement allows for public access. Because this claim is not a standalone claim, it does not have a separate statute of limitations period.

Moreover, it is simply not true that Plaintiffs additional allegations of "trespass[s], illegal hunting, speeding and [other] disrespectful activities" take the claim beyond the allegations raised in the public use claim. For starters, the public cannot trespass on a public road. As for the remaining allegations of illegal "hunting, speeding and other disrespectful activities," Plaintiffs allege nothing more than undesirable behavior resulting from public use. As Defendant notes, these allegations are not "problems beyond mere public use of the road—they are problems *because of* public use of the road." (Doc. 65 at 9.)

The maintenance and patrol claim is part and parcel with the public use claim and both accrued when a reasonable landowner would have known that the Forest Service was holding Robbins Gulch Road open for public use. Therefore, both claims are untimely, and the Court lacks jurisdiction over the Complaint.

## II. Parking Allegations

Plaintiffs assert that its public use claim raised two separate questions—whether the public could use the road, and whether the public could park on the road. (Doc. 62 at 18.) Plaintiffs contend that the Court erred by failing to separately analyze each claim. (*Id.*)

If there is any error, it is that the Court assumed it goes without saying that if the public can't travel on the road, the public can't park on the road. Plaintiffs assert that each specific claim has a separate statute of limitations, but this strains credulity. A challenge to the public's use in general encompasses its specific challenge to a particular use; i.e. the public's right to park on the road. The Court will not disturb its ruling for failing to clearly articulate that the parking allegation does not result in a separate statute of limitations analysis.

## III. Leave to Amend

Finally, Plaintiffs conditionally renew their request for leave to amend. (Doc. 62 at 20.) In the Court's order granting Defendant's motion to dismiss, it observed in a footnote that it did not believe the APA applied to Plaintiffs' Complaint given the specific allegations raised in the Complaint. (Doc. 59 at 2 n.2.) The Court determined that all claims were properly raised under the QTA. (*Id.*) Both parties agree with this assessment. (Doc. 66 at 11.) Nevertheless,

Plaintiffs request leave to amend their Complaint but only in the event the Court believes a claim may be brought under the APA. (Docs. 62 at 20; 66 at 11.)

The Court will not litigate the case on behalf of Plaintiffs. For the purpose of resolving this issue, it is sufficient that Plaintiffs agree that both claims were properly raised under the QTA. Additionally, the Court construes this agreement as a concession that amendment would be futile. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Plaintiffs request is therefore denied.

IT IS ORDERED that the Motion (Doc. 61) is DENIED.

DATED this 11th day of August, 2020.

_____
Dana L. Christensen, District Judge
United States District Court